RISLEY *against* WELLES and others.

*Hartford,*
June,
1825.

Risley
*v.*
Welles.

Lands held under a fraudulent conveyance are not subject to foreign attachment.

This was an action on a promissory note, to which the defendants pleaded the general issue, accompanied by notice of a process of foreign attachment.

The cause was tried at *Hartford, September* term, 1824, before *Bristol,* J.

On the 21st of *October,* 1818, while the note in suit was owned by *George* and *Asa Sellew,* and was in their possession, *Deodate Post* prayed out a lawful writ of foreign attachment, and left a copy in service with the defendants, as trustees, &c. to said *Sellews;* on which he, shortly afterwards, recovered judgment against said *Sellews,* for the sum of 280 dollars, 81 cents. Execution having been regularly issued on this judgment, and having been returned *non est inventus,* he brought a *scire facias* against the defendants, on which, in *September,* 1820, he recovered judgment against the defendants for the sum of 316 dollars, 68 cents. This, the defendants claimed, was much more than they were, on the 21st of *October,* 1818, indebted to said *Sellews,* or liable for to them.

The plaintiff gave in evidence a deed of certain lands and buildings in *Glastenbury,* executed in common form, by said *Sellews,* to the defendants, as tenants in common, dated the 7th of *December,* 1816 ; which deed, the plaintiff insisted, was given to the defendants as a copartnership transaction, and was received by them as partners. He also claimed, that it was given without any consideration, and was fraudulent; and that the lands and buildings conveyed were of the value of 900 or 1000 dollars, and were held by the defendants, at the time the foreign attachment was served on them.

The judge instructed the jury, that if the conveyance, by said *Sellews,* to the defendants, was a company transaction, and without a lawful consideration, the lands and buildings were effects of said *Sellews* in the hands of the defendants, at the time the foreign attachment was served on them.

The jury returned a verdict for the plaintiff; and the defendants moved for a new trial, for a misdirection.

*I. Perkins* and *T. C. Perkins,* in support of the motion, contended, That lands fraudulently conveyed are not goods and

effects in the hands of the grantee as trustee, within our stat-
ute of foreign attachment.

First, lands are not "*goods or effects.*" It will not be clai-
med that they are "goods." Lands always denote real estate ;
and goods as invariably denote personal property. Does the
term "effects" comprehend lands ? Its general meaning is
confined to personalty ; aud this meaning is never departed
from, unless other words are added to shew that it was used
in a larger sense ; as in *Hogan* v. *Jackson, Cowp.* 299. where
the word *real* was used in connexion with it. *Camfield* v. *Gil-
bert*, 3 *East* 316.

Secondly, lands cannot be "*concealed*" so as to make them
subject to the process of foreign attachment. This process is
exclusively for the benefit of creditors ; and with respect to
them a fraudulent conveyance is absolutely void, and the lands
are as liable to their executions as though no conveyance had
been attempted. They may be taken *directly*, as being still
the property of the debtor. *How* v. *Field*, 5 *Mass.* *Rep.* 390.

*T. S Williams* and *W. W. Ellsworth*, contra, insisted, That
lands fraudulently conveyed might be reached by this process.
This they argued from the *object* of the statute, apparent from
its general provisions, and from the express declaration of its
preamble ; (*Stat* 61. ed. 1808.) and from the *words* of the stat-
ute. The preamble speaks of the fraud of debtors in relation
to their "*estate*" ; a term broad enough to comprehend, if not
appropriately denoting, lands. The first section provides, that
any creditor may cause the *lands*, goods or effects of his absent
or absconding debtor to be attached, *in whose soever hands or
possession they are to be found.* *Stat.* 62. ed. 1808. The sec-
ond section provides, that where no *lands*, goods or effects of the
absconding debtor, in the hands of his trustee, shall be exposed,
or can be found or come at, so as to be attached, service may
be made by leaving copies, which shall be a sufficient citation
for the creditor to bring forward his action to trial. The third
section then provides, that if judgment be rendered for the plain-
tiff, the property in the hands of the trustee, to the value of the
judgment, shall be liable to satisfy the execution granted on such
judgment. The words used to describe such property are
"goods and effects ;" but those terms are manifestly intended
to comprehend all the property mentioned in the preceding
sections as subjects of the process. The legislature, surely,
did not intend to make provision for the creditor's attaching

lands in the possession of the trustee, when he could gain nothing by it. If they have subjected lands in the possession of the trustee to attachment, they intended to make the trustee liable in respect of such lands. They meant that the creditor should have the benefit of the remedy provided for him, in relation to every kind of property, and against every form of fraudulent transfer. The statute is to be construed liberally in favour of the creditor, and to suppress the mischief of fraudulent *betrustments* of property. In *Pennsylvania*, lands are subject to foreign attachment. *Graighle* v. *Notnagle*, 1 *Pet.* 245. 249. *Serg. For. Attach.* 302. So also in *Maryland Davidson's* lesee v. *Beatly*, 3 *Har. & McHen.* 594. 616. The statute of *Massachusetts* omits the word *lands* ; and this may account for the decision in that state, that they cannot be reached by the process in question.

It is nothing to the purpose, that lands cannot be literally concealed. The objection would be equally applicable to goods, which were not in fact concealed. If there be difficulties in the way of attaching the property—whether it consist of lands or goods—which a creditor may fairly wish to avoid ; if the title be covered up ; it is so concealed, that it cannot, within the meaning of the statute, be attached, by the ordinary process of law. *Burlingame* v. *Bell*, 16 *Mass. Rep.* 318. 320.

BRISTOL, J. The judge who tried this cause at the circuit, in conformity to a former decision of the superior court, decided, that the value of land, conveyed to the defendants by a fraudulent deed, might be recovered upon *scire-facias*, under the act relative to foreign attachments. The correctness of this doctrine is now, for the first time, presented to the consideration of this Court.

It has been urged in the argument of this case, by the counsel of the plaintiff, that the language of the statute for the recovery of debts out of the estate and effects of absent and absconding debtors, clearly authorizes the creditor to attach lands fraudently conveyed, and to recover the value thereof upon a *scire-facias* against the garnishee ; and that the objections made to it, might, with more propriety, be addressed to the legislature than to this Court.

But on a careful examination of the statute, not even the *letter* of the statute will be found to countenance the doctrine, that a garnishee is personally liable on the process of *scire-facias*, for lands held under a fraudulent deed. The act is en

*Hartford,*
June,
1825.

Risley
*v.*
Welles.

titled "an act for the recovery of debts out of the estate and effects of absent and absconding debtors;" shewing that one leading object, was the recovery of debts out of the *specific lands, goods* or *effects* so fraudulently conveyed. The first section of the statute contains a general declaration, that the lands goods or effects of an absent and absconding debtor, may be attached, in whosever hands the same may be found; and that the attachment of a part shall make the whole liable to respond the judgment which may be recovered. The second section of the statute provides, that where no lands, goods or estate, can be come at, so as to be attached, it shall be lawful for the creditor to bring his action against the debtor, and that leaving a copy with the attorney, &c. fourteen days before the trial, shall be sufficient notice to bring his cause forward for trial. These two sections of the statute, prescribe what goods and estate may be attached, and how it may be done, when they cannot be come at, so as to be attached in the ordinary way. The third section declares, that the estate and effects so attached, shall be liable to respond the judgment which may be recovered by the creditor; but the mode of enforcing this liability is not specifically pointed out; and must depend on the general principles of our code regulating setting off land on execution, unless the remedy by *scire-facias* to recover the value of lands held under fraudulent deeds, is specially provided for, by the statute in question.

Thus far the statute is conversant with the kind of property to be attached; the manner of attaching it; and the liability of the property attached to respond the judgment; and we are not informed of the responsibilities incurred by the garnishee, in case he neglects to expose the property in his hands, until such liability is declared by the fourth section of the statute: and in respect to land, we find that the statute has imposed no responsibility for neglecting to expose to be taken on execution land held under fraudulent grants; and for this obvious reason, that land can always be taken on execution, and set off to the creditor, as well *without exposure* by the garnishee, as it can be, *if he does expose it.*

The fourth section of the statute already alluded to, merely provides, that in case the garnishee, upon demand made, does not expose the *goods* and *effects*, in his hands, so that they may be taken on execution, he shall be liable to answer out of his own estate, to the extent of the *goods* and *effects*, thus withheld from the attaching creditor. As land is a subject incapa-

*Hartford,*
June,
1825.

Risley
*v.*
Welles.

ble of concealment, we can perceive no reason why it should not be levied on, and set off, in the usual way ; or why the garnishee should be rendered personally liable : and this section of the statute, which limits and fixes the liability of the garnishee, declares him liable *only,* for not exposing *goods and effects.* The terms, *goods and effects,* cannot be extended to embrace lands within their meaning, unless required by the clear intention of the legislature. *Camfield* v. *Gilbert, East,* 524, 5. And in the present case, no extension of the ordinary import of language is called for, by the general spirit of the act, or the intention of the legislature.

I would advise a new trial.

HOSMER, Ch. J., and PETERS and BRAINARD, Js. were of the same opinion.

New trial to be granted.